UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MY CHILD CARE INC. D/B/A
LITTLE PEOPLE PRESCHOOL,

    Plaintiff,

v.                                    Case No.:  2:24-cv-220-JES-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

    Before the Court is Plaintiff's Motion for Appraisal and to Stay Pending Completion of Appraisal. (Doc. 17.)[1] Defendant Westchester Surplus Lines Insurance Company opposes the motion, arguing that Plaintiff waived its right to invoke appraisal. (Doc. 18.) For the reasons below, the motion is granted.

### **I. Background**

    This is a breach of contract case stemming from Hurricane Ian. Because waiver turns on Plaintiff's actions before invoking appraisal, the Court lays out the procedural history in detail.

    Hurricane Ian made landfall in September 2022, and shortly thereafter Plaintiff submitted an insurance claim to Westchester. In March 2023, because

---

[1] Unless otherwise indicated, all internal quotation marks, citations, history, and alterations have been omitted in this and later citations.

the parties could not agree on the claim, Plaintiff demanded appraisal and an estimate. (Doc. 19-1.) The next month, Westchester rejected that demand because Plaintiff's public adjuster was conflicted from acting as an appraiser. (Doc. 19-2.)

On January 30, 2024, Plaintiff sued in state court. (Doc. 9.) Along with the complaint, Plaintiff served Westchester with generic discovery requests that included written interrogatories, requests for production of documents, requests for admission, and sought a deposition of Westchester's corporate representative.[2]

Westchester was served with the complaint in February 2024, and removed the case on March 8, 2024. The Court, in turn, entered the Hurricane Ian Scheduling Order, which stayed discovery. (Doc. 7.) On April 5, 2024, Plaintiff moved to compel appraisal (Doc. 14), which was denied for failure to comply with Local Rule 3.01(g) (Doc. 15). A week later, Plaintiff again moved for appraisal. (Doc. 17.)

## II. Discussion

Appraisal is a form of alternative dispute resolution that sets a disputed loss amount. *See State Farm Fla. Ins. Co. v. Crispin*, 290 So. 3d 150, 151 (Fla.

---

[2] Westchester did not file the discovery requests with the notice of removal, which violates Local Rule 1.06(b) ("The removing party must file with the notice of removal a legible copy of each paper docketed in the state court.").

Dist. Ct. App. 2020). When an insurance policy contains an appraisal provision, "the right to appraisal is not permissive but is instead mandatory, so once a demand for appraisal is made, 'neither party has the right to deny that demand.'" *McGowan v. First Acceptance Ins. Co., Inc.*, 411 F. Supp. 3d 1293, 1296 (M.D. Fla. 2019). Appraisal is strongly preferred. *See Breakwater Commons Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:20-CV-31-JLB-NPM, 2021 WL 1214888, at *2 (M.D. Fla. Mar. 31, 2021). And like other stipulations about dispute resolution, the Court enforces contractual appraisal provisions by non-dispositive order. *See Positano Place at Naples II Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-cv-181-SPC-MRM, 2022 WL 714809, *2 (M.D. Fla. Mar. 10, 2022).

Westchester has said that some of the damages caused by Hurricane Ian are covered, but it disputes the amount of loss. On the other hand, Plaintiff believes that the damage caused by Hurricane Ian is much more extensive. Thus, because there is no dispute that at least some loss to the property is covered under the policy, the remaining dispute about the scope of the damage is appropriate for appraisal. *See Clockwork PH3, LLC v. Clear Blue Specialty Ins. Co.*, No. 2:23-CV-407-SPC-KCD, 2023 WL 6247595, at *6 (M.D. Fla. Sept. 26, 2023).

Still, Westchester contends that Plaintiff waived its right to an appraisal. In Florida, a "party can [forfeit] its right to appraisal by actively

participating in a lawsuit or engaging in conduct inconsistent with the right to appraisal." *Waterford Condo. Ass'n of Collier Cnty., Inc. v. Empire Indem. Ins. Co.*, No. 2:19-CV-81-FTM-38NPM, 2019 WL 3852731, at *3 (M.D. Fla. Aug. 16, 2019). But "the question of [forfeiting an] appraisal is not solely about the length of time the case is pending or the number of filings the appraisal-seeking party made. Instead, the primary focus is whether the [movant] acted inconsistently with their appraisal rights." *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 493 (Fla. Dist. Ct. App. 2014).

Westchester argues inconsistency. (Doc. 18 at 3-4.) But a review of the procedural history shows the opposite. Plaintiff first sought appraisal over a year ago, pre-suit. When that was rejected, they sued, and there was a little-over-two-month delay from when Plaintiff sued in state court and demanded appraisal (January 30, 2024 to April 5, 2024), and a less-than-one-month delay after removal (March 9, 2024 to April 5, 2024). And during that time, Plaintiff did not actively litigate this case. The only discovery requests were served with the complaint, and there is no evidence that Westchester ever responded to them. In other words, the discovery machine had not yet started, and Plaintiff was not pursuing discovery. Indeed, the Court stayed all discovery when entering the Hurricane Ian Scheduling Order. The circumstances here track cases in which similar litigation activity was found insufficient to trigger waiver. *Compare McPhillips v. Scottsdale Ins. Co.*, No. 2:18-CV-421-FTM-

4

99CM, 2018 WL 3805865, at *2 (M.D. Fla. Aug. 10, 2018) (insured moved to compel appraisal one week after case was removed to federal court and about two months after case was first filed); *Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-460-FtM-38CM, 2019 WL 721286 (M.D. Fla. Jan. 30, 2019) (plaintiff invoked appraisal within two months of removal to federal court and before any discovery or motions practice took place), *with Shoma Dev. Corp. v. Rodriguez*, 730 So. 2d 838 (Fla. Dist. Ct. App. 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause), *Versailles Sur La Mer Condo. Ass'n, Inc.*, No. 6:18-cv-1125-Orl-37TBS, 2018 WL 3827154, at *4-5 (M.D. Fla. July 24, 2018) (finding insured waived right to appraisal where case was litigated in state court and federal court for nearly five months before the first written demand for appraisal issued, and the demand for appraisal came after an extensive document production).

Westchester also argues that Plaintiff waived its right to appraisal by failing to mention appraisal in the complaint and instead seeking damages. (Doc. 18 at 3.) Not so. Plaintiff seeks to recover the benefits due under the policy as a judgment for monetary damages. (Doc. 9 at 4.) Appraisal will be but one step in this process, supplying an extra-judicial mechanism to calculate the amount of loss. As the Eleventh Circuit explained recently: "Appraisal is a form of alternative dispute resolution that sets a disputed loss amount." *CMR*

5

*Constr. & Roofing, LLC v. Empire Indem. Ins. Co.*, 843 F. App'x 189, 193 (11th Cir. 2021). Plaintiff did not need to mention appraisal in the complaint to seek that relief now. *See Lemcke as Tr. of LD Tr. Under Irrevocable Tr. v. Scottsdale Ins. Co.*, No. 2:24-CV-46-JLB-KCD, 2024 WL 991810, at *1 (M.D. Fla. Feb. 27, 2024) ("[A]n appraisal clause may be invoked for the first time after litigation has commenced.").

Westchester also claims that because it *denied* coverage, Plaintiff should be precluded from demanding appraisal. (Doc. 18 at n.2.) In doing so, Westchester relies on *Heritage Prop. & Cas. Ins. Co. v. Veranda I at Heritage Links Ass'n, Inc.*, 334 So. 3d 373, 376 (Fla. Dist. Ct. App. 2022), which states, "when an insurance company wholly denies a claim, the trial court cannot refer that claim to appraisal." Though the complaint states coverage was denied, the record shows otherwise. The presuit letter filed by Westchester shows that the parties disagree on the amount of damage caused by Hurricane Ian, making appraisal appropriate. (Doc. 19-2 at 2.)

At bottom, there is an "overwhelming preference in Florida for the resolution of conflicts through any extra-judicial means . . . for which the parties have themselves contracted." *McGowan*, 411 F. Supp. 3d at 1296. Given this preference, and with no facts showing waiver, the motion to compel appraisal will be granted.

According, it is **ORDERED**:

6

1. Plaintiff's Motion for Appraisal and to Stay Pending Completion of Appraisal (Doc. 17) is **GRANTED**.

2. This case is **STAYED** pending appraisal, and the Clerk must add a stay flag to the file and **ADMINISTRATIVELY CLOSE THE CASE**.

3. The parties are **DIRECTED** to file a joint report on the status of appraisal by **July 22, 2024**, and every ninety days after that until appraisal has ended.

4. Within 15 days of a signed appraisal award, the parties are **DIRECTED** to jointly notify the Court of (a) what issues, if any, remain for the Court to resolve; (b) whether the stay needs to be lifted; and (c) how this action should proceed, if at all.

**ENTERED** in Fort Myers, Florida on April 22, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record